United States District Court
Southern District of Texas
**ENTERED**
January 03, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB REA'SHAW HERNDON, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-4347 |
| § | |
| CASH AMERICA PAWN, § | |
| *Defendant.* § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a form Complaint for a Civil Case Alleging Breach of Contract and Negligence against Defendant Cash America Pawn.[1] ECF 1. While the precise nature of the claim is difficult to discern, allegations include that Defendant "Allow[ed] pawn item to be Remove / or Take from Pawn Shop" and "Tamper[ed] with Business and Cyber agreement; and theft of property." *Id.* at 5. In the "Relief" category of the form Complaint, Plaintiff seeks "100% of a The Cash Pawn" [sic] and "100% All Businesses."

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Here, Plaintiff seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. §1332. *Id.* at 1. The Court may exercise its diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). The party asserting diversity jurisdiction bears the burden of persuasion as to all aspects of jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Here, Plaintiff identifies both himself and Defendant as citizens of Texas. ECF 1

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

at 1-2. Further, Plaintiff has not pleaded for relief in a manner that would permit the Court to find that the amount-in-controversy requirement is met. Where the parties are not diverse and where the amount-in-controversy requirement has not been met, the Court lacks diversity jurisdiction over the suit, and RECOMMENDS that Plaintiff's claims be DISMISSED without prejudice to refiling in a forum of competent jurisdiction. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021).

      The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on January 03, 2023, at Houston, Texas.

                                                  Christina A. Bryan
                                           United States Magistrate Judge